**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **RICKEY GENE YOUNG,** | ) | |
| | ) | **Case No. 16-60353** |
| Debtor. | ) | |
| | ) | |
| **RICKEY GENE YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adv. Proc. No. 16-06007** |
| | ) | |
| **U.S. DEPARTMENT OF VETERANS** | ) | |
| **AFFAIRS,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on the Motion for Summary Judgment filed by the

U.S. Department of Veterans Affairs (the "VA"), the Debtor's responses thereto, the Debtor's

Motion for Summary Judgment, and the Debtor's Motion to Amend the Complaint.  The Court

conducted a hearing on these matters on July 12, 2017.  The Debtor, appearing *pro se*, and

Counsel for the VA appeared at this hearing.

As the Court noted in another of the Debtor's adversary proceedings, the Debtor is

currently in his twelfth bankruptcy case.  *See Young v. Doe et al. (In re Young)*, A. P. No. 16-

06006, 2017 WL 391864, at *6 (Bankr. W.D. Va. Jan. 25, 2017).  In the present adversary

proceeding, the Debtor is seeking turnover under 11 U.S.C. § 542 of certain real property in

Collinsville, Virginia (the "Property"), as well as damages arising from an alleged violation of

the automatic stay in a prior unspecified bankruptcy case.  The VA has moved for summary

judgment, alleging among other arguments that this Court lacks subject matter jurisdiction over

the Debtor's claims and that, even if subject matter jurisdiction existed, the Debtor cannot

produce any evidence to support his claims.  In support of its Motion, the VA filed supporting

documentation including a title report of the Property as well as certified copies of the records of

prior lawsuits the Debtor has pursued in his efforts to regain possession of the Property, both in

bankruptcy courts as well as state court.  For the reasons stated below, the Court finds that it

lacks subject matter jurisdiction over the Debtor's claims, and accordingly must dismiss the

present adversary proceeding.


FACTUAL BACKGROUND

On August 3, 1990, Raymond. G. Wilbourne conveyed the Property to the Debtor subject

to a 1986 Deed of Trust guaranteed by the VA.  *See* VA's Ex. 1 at Title Report Exhibit D.  On

January 22, 2003, Countrywide Home Loans Inc. ("Countrywide"), as noteholder, appointed

Samuel I. White, P.C. ("SIW") as substitute trustee under the 1986 Deed of Trust.  *See id.* at

Title Report Exhibit K.  On July 16, 2003, the Debtor filed a petition under Chapter 13 of the

Bankruptcy Code in this Court, Case No. 03-02932.  *See* VA's Ex. 4 at 002.  On the same day,

apparently without knowledge the Debtor had filed bankruptcy earlier in the day, SIW conducted

a foreclosure of the property under the 1986 Deed of Trust (the "2003 Foreclosure").  The

Property was sold at auction to Countrywide, which then assigned all right, title, and interest in

the property to the VA by deed of foreclosure.  *See* VA's Ex. 1 at Title Report Exhibit M.

To rectify the foreclosure sale over the bankruptcy filing, the VA conveyed the Property

back to the Debtor by Quitclaim Deed on September 11, 2003 (the "Quitclaim Deed").[1] The

Quitclaim Deed expressly stated that:

> This conveyance is made subject to the lien of the deed of trust dated September
> 2, 1986, duly of record in Deed Book 425 at Page 281, from Ernest L. Mills, Jr.
> and Sandra T. Mills, and assumed by Rickey G. Young, to D. J. Atkins and
> Harold I. Brooks, Trustees, to secure an original indebtedness of $95,000.00, with
> interest thereon and payable as set forth in said deed of trust; and all other liens of
> record subsequent to the aforesaid lien.

*See id.* at Title Report Exhibit P.  The Debtor filed a motion to dismiss Case No. 03-02932 on

August 12, 2003, and the Court entered a final decree and closed the case on October 21, 2003.

*See* VA's Ex. 4 at 041, 042.

The day after this Court closed Case No. 03-02932, the Debtor filed a petition under

Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District

of Tennessee, Case No. 03-13548.  *See* VA's Ex. 5 at 012.  The Debtor listed the Property on his

bankruptcy schedules in that case as subject to a secured claim of $110,000.00.  *Id.* at 015.  On

June 14, 2004, Countrywide filed a Motion for Abandonment and Relief from the Automatic

Stay Provisions of the Bankruptcy Code to foreclose on the Property.  *Id.* at 006.  The Debtor

filed a response on June 30, 2004 that states that "[t]he debtor would admit that he has a

mortgage on real property with the creditor CountryWide Home Loans, Inc." and that "he is

currently behind in his mortgage payments."  *Id.* at 016–17.  The Debtor further requested that he

be permitted to keep the house and reaffirm the debt with Countrywide, the mortgage holder.  *Id.*

On July 23, 2004, the court granted Countrywide's motion, stating "relief is hereby granted, the

---

[1] That the VA chose to quitclaim the property back to the Debtor subject to the deed of trust is not surprising. As
Judge Tice observed in *Maryland Nat'l Mortgage Corp. v. Burns (In re Burns)*, 112 B.R. 763, 765 (Bankr. E.D. Va.
1990), "Bankruptcy Courts have generally held that actions taken in violation of the automatic stay are void, and this
Court finds no reason to disregard the general rule here."

3

property is no longer property of the bankruptcy estate, and Movant is free to pursue state court

remedies against [the Property]." *Id.* at 020–21

On July 20, 2004, SIW was appointed substitute trustee under the 1986 Deed of Trust.

VA's Ex. 2 at 2.   On September 14, 2004, SIW foreclosed on the Property under the 1986 Deed

of Trust (the "2004 Foreclosure").   The Property was sold at auction to Mortgage Electronic

Registration Systems Inc. ("MERS"), and MERS then assigned all right, title, and interest in the

Property to the VA by deed of foreclosure. *See* VA's Ex. 1 at Title Report Exhibit Q.   The

foreclosure sale accounting was approved by John P. Hance, the Henry County, Virginia

Commissioner of Accounts.  *Id.*   G. Harris Warner, Jr., a local real estate attorney hired by the

VA to examine the title history of the Property, opined that the 2004 Foreclosure divested the

Debtor of title to the Property and vested title to the Property in the VA.   *See* VA's Ex. 2.   On

October 4, 2006, the VA conveyed the property by special warranty deed to Charles R. Sechrist

and Laura S. Sechrist, husband and wife.   *See* VA's Ex. 1 at Title Report Exhibit R.   On March

29, 2016, Mr. and Mrs. Sechrist conveyed fee simple title of the Property to Stephen D. Sechrist

and Nisamar Sechrist Barrera, husband and wife, who are the current owners of the Property. *See*

*id.* at Title Report Exhibit T.

The Debtor asserts, by contrast, that he holds an unencumbered deed to the property.

Despite the express language of the Quitclaim Deed, the Debtor contends that the 2003

Foreclosure extinguished all mortgages on the property, and thus when title was reconveyed to

him following the 2003 Foreclosure, it was conveyed without any encumbrances.   When pressed

as to the effect of the express language of the Quitclaim Deed stating that it was subject to the

1986 Deed of Trust, the Debtor submitted that he did not agree to that language and in fact never

accepted the Quitclaim Deed.   In addition, the Debtor states that he remained in the Property for

a period of years following the 2004 Foreclosure, and accordingly never felt it necessary to

challenge the 2004 Foreclosure at the time.

CONCLUSIONS OF LAW

The VA asserts that the Court lacks subject matter jurisdiction over this matter because

this action falls outside the six-year statute of limitations contained in 28 U.S.C. § 2401, and

accordingly the United States has not waived sovereign immunity.  The existence of subject

matter jurisdiction is a threshold issue and accordingly must be addressed prior to the merits of

the underlying claims.  *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999)

(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)).  Lack of subject matter

jurisdiction may be raised as a defense at any stage of the proceedings.  *Arbaugh v. Y&H Corp.*,

546 U.S. 500, 506 (2006).  "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3) (incorporated into

adversary proceedings by Fed. R. Bankr. P. 7012(b)).

28 U.S.C. § 2401 states that "every civil action commenced against the United States

shall be barred unless the complaint is filed within six years after the right of action first

accrues."  28 U.S.C. § 2401.  "A claim accrues for the purposes of the statute of limitations

'when all the events have occurred which fix the liability of the Government and entitle the

claimant to institute an action.'"  *Carrington Gardens Assocs. v. United States*, 49 Fed. App'x

427, 431 (4th Cir. 2002) (quoting *Brown Park Estates–Fairfield Dev. Co. v. United States*, 127

F.3d 1449, 1455 (Fed. Cir. 1997)).  As the United States District Court for the Eastern District of

Virginia stated in *In re Carrington Gardens Associates*:

> The United States' waiver of immunity is expressly conditioned upon the
> imposition of a six-year statute of limitations. *See* 28 U.S.C. § 2401(a) (providing

5

that "every civil action commenced against the United States shall be barred
unless the complaint is filed within six years after the right of action first
accrues"). Moreover, "[u]nlike an ordinary statute of limitations, § 2401(a) is a
jurisdictional condition attached to the government's waiver of sovereign
immunity." *Spannaus v. United States Dep't of Justice,* 824 F.2d 52, 55 (D.C. Cir.
1987). Because the statute of limitations is an express limitation on the
government's waiver of sovereign immunity, it must be strictly construed. *See
Brown Park Estates–Fairfield Dev. Co. v. United States,* 127 F.3d 1449, 1454
(Fed. Cir. 1997).

258 B.R. 622, 630–31 (E.D. Va. 2001).

Numerous courts have held that 28 U.S.C. § 2401 bars untimely actions for violations of

the automatic stay against the United States. *See Climer v. United States*, 167 F.3d 537 (5th Cir.

1998) (unpublished) ("Although section 362(h) has no express statute of limitations, section

2401 permits suit against the United States only within six years from the date a right of action

first accrues. For Climer that right accrued in 1985, when the stay was allegedly violated, and,

therefore, this action, filed several years after 1991, is time-barred."); *Nesovic v. United States*,

71 F.3d 776, 777 (9th Cir. 1995) (finding that a quiet title action alleging that certain steps taken

by the IRS to procure a tax lien were in violation of the automatic stay was barred by the 28

U.S.C. § 2401 statute of limitations); *cf. Nath v. IRS*, No. 15-CV-3937, 2017 WL 2491495, at *3

(S.D. N.Y. June 7, 2017) (finding that the pro se plaintiff in an action brought to quiet title to real

property and cancel and invalidate a mortgage, which had previously been found barred by 28

U.S.C. § 2401 as against the IRS, had not alleged facts that would support equitable tolling of the

statute of limitations).

Here, the Debtor's claims against the VA accrued at the latest on September 14, 2004

when SIW, as substitute trustee under the 1986 Deed of Trust, foreclosed on the Property and

divested the Debtor of title.  Accordingly, the statute of limitations expired at the latest on

September 14, 2010.  The present Complaint was filed on February 26, 2016.  Further, the

6

Debtor has not argued that the statute of limitations was tolled for any reason, and he has not

alleged any facts to support such an argument.  Thus, the Debtor's claims against the VA are

barred by the statute of limitations contained in 28 U.S.C. § 2401, and the United States has not

waived sovereign immunity over this suit.  As a waiver of sovereign immunity is a jurisdictional

condition in actions against the United States, the Court finds that it lacks subject matter

jurisdiction and therefore must dismiss the action.

Even if the Court were permitted to exercise jurisdiction over this action, the Court finds

the VA's Motion for Summary Judgment to be well taken.  Federal Rule of Civil Procedure 56,

incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, states

that "[t]he court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  Under Rule 56, the movant bears the initial burden of showing that no

material issues of fact exist.  *Wachovia Bank, N.A. v. Commonwealth Sprinkler Co., Inc. (In re*

*Commonwealth Sprinkler Co., Inc.)*, 296 B.R. 694, 699 (Bankr. E.D. Va. 2001).  Once the

movant demonstrates that no genuine issues of material fact exist, the burden shifts to the party

opposing summary judgment to establish that questions of fact do exist.[2]  *See Comerica Bank,*

*N.A. v. Weinhardt (In re Weinhardt)*, 156 B.R. 677, 679 (Bankr. M.D. Fla. 1993).  Ultimately,

the Court must then view the evidence presented in a light most favorable to the nonmoving

party.  *See Interim Inv. Comm. v. Jacoby*, 90 B.R. 777, 780 (W.D. N.C. 1988), *aff'd* 914 F.2d

1491 (4th Cir. 1990).

The documents contained in the title report have not been called into legitimate question.

It is clear from the record before the Court that the Debtor was divested of title to the Property by

---

[2] In accord with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Debtor was advised of his right to file
responsive material to the VA's Motion for Summary Judgment and advised that his failure to do so may result in an
order of dismissal against him.

the 2004 Foreclosure.  The Debtor's bare assertion that he owns the Property outright without

any encumbrances does not establish a legitimate question of fact and is rebutted by the

documentation in the record.  The Debtor attempts to maintain two inconsistent positions.  First,

the Debtor correctly asserts that the VA deeded the Property back to him following the 2003

Foreclosure.  This was accomplished by the Quitclaim Deed, which the Debtor himself

submitted as an exhibit earlier in the adversary proceeding as evidence of his ownership of the

Property.  However the Quitclaim Deed was expressly subject to the 1986 Deed of Trust, under

which SIW conducted the 2004 Foreclosure.  In response to this problematic fact, the Debtor has

asserted a second position—that he never accepted the Quitclaim Deed.  The only evidence

before the Court is the Quitclaim Deed expressly subject to the 1986 Deed of Trust, which the

Debtor affirmatively recognized in his schedules and response to the motion for relief in the

Tennessee bankruptcy case.  He cannot have it both ways.[3]  Accordingly, the record before the

Court demonstrates that the Debtor does not have any right to turnover of the property nor claim

for a violation of the automatic stay, and thus the VA is entitled to judgment as a matter of law.

Finally, the Debtor has filed a Motion to Amend the Complaint to add Stephen D.

Sechrist and Nismar [sic] Sechrist Barerra as defendants to this action.  "[A] court may deny a

request for leave to amend 'when the amendment would be prejudicial to the opposing party,

there has been bad faith on the part of the moving party, or the amendment would be futile.'"

*Scott v. Branch Banking & Trust Co.*, 588 F.Supp.2d 667, 671 (W.D. Va. 2008) (quoting *Edell &*

*Assocs., P.C. v. Law Offices of Peter F. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001)).  As the

record before the Court demonstrates that the Debtor is not entitled to turnover of the property,

---

[3] Although not raised by the VA, the Court believes the doctrine of judicial estoppel would apply here.  *See*
*Robertson v. Flowers Banking Co.*, Case No. 6:11-cv-00013, 2012 WL 830097, at *5 (W.D. Va. Mar. 6, 2012).
Judicial estoppel is "an equitable doctrine that exists to prevent litigants from playing fast and loose with the
courts—to deter improper manipulation of the judiciary."  *Id.* (citations omitted).

amendment of the Complaint to add the current record owners of the Property would futile.

Accordingly, the Debtor's Motion to Amend the Complaint is denied.

### CONCLUSION

This adversary proceeding is barred by the statute of limitations contained in 24 U.S.C.

§ 2401, and accordingly the Court lacks subject matter jurisdiction and must dismiss the action.

Even if subject matter jurisdiction were present, the undisputed record before the Court

demonstrates that the Debtor is not entitled to turnover of the property, no violation of the

automatic stay occurred, and the VA is entitled to judgment as a matter of law.  Further, any

amendment of the Complaint would be futile.  The Court will grant the VA's Motion for

Summary Judgment, deny the Debtor's Motion for Summary Judgment, deny the Debtor's

Motion to Amend the Complaint, and dismiss this action.

A separate Order will be entered contemporaneously herewith.

**Decided this 26th day of July, 2017.**

_____
UNITED STATES BANKRUPTCY JUDGE